IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLYN MAE THOMPSON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 23-3240 |
| | : | |
| v. | : | |
| | : | |
| PAXINOSA SCHOOL, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                       September 25, 2023

The *pro se* plaintiff seeks leave to proceed *in forma pauperis* in an action against an elementary school that her great-grandson attends. The plaintiff alleges that her great-grandson has had some difficulties with teachers and students at the school, and she has had issues with picking up her great-grandson from school and communicating with the school. In addition, the plaintiff references incidents that have occurred near her home that she appears to relate to the school.

Although the court will grant the plaintiff leave to proceed *in forma pauperis*, the court will dismiss the complaint without prejudice because it fails to state a claim for relief against the school and otherwise fails to comply with the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2). On this latter ground, despite the court carefully reviewing the complaint and liberally construing it in the plaintiff's favor, it is simply too ambiguous for the court to discern the basis and nature of any claim against the school. In addition, to the extent that the plaintiff is attempting to sue on behalf of, or for injuries sustained by, her great-grandson, she may not do so, so the court must dismiss those possible claims as well.

### I. ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Carolyn Mae Thompson ("Thompson"), initiated this civil action by filing a complaint against the defendant, Paxinosa School (the "School"), on August 18, 2023. *See* Doc. No. 1. Since Thompson had neither remitted the fee for commencing this action nor filed an application for leave to proceed *in forma pauperis*, the clerk of court entered an order on August 29, 2023, which required Thompson to either remit the fee or seek leave to proceed *in forma pauperis* within 30 days. *See* Doc. No. 3. On September 8, 2023, Thompson complied with this order by filing an application for leave to proceed *in forma pauperis* ("IFP Application").

Concerning the complaint, unfortunately, it is lengthy, disjointed, repetitive, and rambling. Nevertheless, the court understands Thompson to be alleging that her great-grandson has had difficulties at the School since 2021, when another student told him that Jesus was white, and her great-grandson disagreed. *See* Compl. at ECF pp. 3–4. After that point, Thompson claims that "the whole school was nasty to him." *Id.* at ECF p. 4. Thompson also claims that students wanted to fight her great-grandson and that the School gave him trouble about his belief that Jesus was Black. *See id.* at ECF p. 5.

According to Thompson, she sought to "stand up to the nonsense at the school." *Id.* at ECF p. 6. Although Thompson "called school administration," who said they would "take care of it," "matters got worse" for Thompson and her great-grandson. *Id.* at ECF pp. 6–7. This included "church people g[etting] involved." *Id.* at ECF pp. 7–8. For example, she alleges that "two women with words about Bible were a[t the] front side right hand corner of school – stopping people to talk about word of God. Nobody objected." *Id.* at ECF p. 9. Additionally, the School secretary "spoke mean" to her great-grandson, but not to other children, in May 2023. *See id.* at ECF pp. 9–10.

Thompson contends that "because of the communication being bad at the school for [her] and her great-grandson, it made going to school and [her] picking him up a big challenge." *Id.* at ECF p. 10. She asserts that she is "not to allow bullying to overcome [her] or [her] great-grandson to change us into the beings the school or church wants us to be. [She] thought separation of church and state unless the school or church wants to be a bully." *Id.* at ECF p. 11.

Thompson further avers that

> [t]he woman across street goes to school 8:30-3:30. She yells things about God. I started saying a verse everyday so everyone decided to tell my daughter to put me away. I'm crazy trying to please church and school – church said I'm to never sit on my porch. Bullying can be done to included as many people as possible. It started with my great-grandson now it's me whose [sic] the problem.

*Id.* at ECF p. 12.

There was eventually a meeting at the School with people Thompson describes as a "Spanish lady" and the guidance counselor. *Id.* at ECF pp. 13–14. Thompson claims to have stated that her great-grandson should defend himself against bullying, but was told that he was the problem. *See id.* at ECF p. 14. She "want[s the School] to remember he has the right to know what the Bible says is true and the right not to be pick [sic] on and not to be made an example of what will happen if he doesn't believe as they do." *Id.* at ECF p. 15.

According to Thompson, in May 2023, a "Spanish woman" came out of the School and told her that she was told not to talk to her, and the secretary pointed at Thompson. *Id.* at ECF p. 16. Thompson further alleges that she contacted "Northampton County Children & Youth" in May 2023, and again in August 2023, because she "was being threatened with lockup." *Id.* at ECF pp. 16–17. Thompson "wanted to know [her] rights to say Bible verses[,] since at school they could speak. Church people started walking around my house, people parked cars in front, up the street and down. [She] told the woman most could not hear [her. She] don't talk very loud." *Id.*

Because of these events, Thompson claims that her reputation and her property have been damaged. *See id.* at ECF p. 19. She also alleges that she was spit at and had items thrown at her from cars. *See id.* She seeks $50 million in damages from the School. *See id.*

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court

4

costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Thompson is unable to prepay the fees to commence this civil action. Therefore, the court will grant her leave to proceed *in forma pauperis*.

B.   **Standard of Review – Screening of Complaint Under 28 U.S.C. § 1915**

Because the court has granted Thompson leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, we accept the facts alleged [in the *pro se*] complaint as true, draw all reasonable inferences in [the *pro se* plaintiff's] favor, and ask only whether that complaint, liberally construed, . . . contains facts sufficient to state a plausible . . . claim." (citation, internal quotation marks, and all original alterations omitted)); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) ("We construe Vogt's pro se filings liberally. This means we remain flexible, especially 'when dealing with imprisoned pro se litigants' like Vogt." (internal citations omitted) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013))); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)). Yet, conclusory allegations will not suffice. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)).

Additionally, when construing a *pro se* plaintiff's complaint, the court will "'apply the relevant legal principle even when the complaint has failed to name it.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244). However, *pro se* litigants "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

Moreover, the court may dismiss a complaint for failing to comply with Federal Rule of Civil Procedure 8. *See Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019) (reviewing district court's dismissal of claims by *pro se* plaintiff against certain defendants). To conform to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

To determine whether a pleading meets Rule 8's "plain" statement requirement, the court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "A complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (per curiam) (citation and internal quotation marks omitted).

"[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett*, 938 F.3d at 93 (citations omitted); *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." (citations and internal quotation marks omitted)). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or

7

contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Garrett*, 938 F.3d at 93–94. The important consideration for the court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94 (citations omitted).

### C.  Analysis

Before proceeding to analyze the court's understanding of Thompson's claims, the court must address Thompson's references in the complaint to harms suffered by her great-grandson. To the extent Thompson is attempting to raise claims based on any injuries suffered by her great-grandson, she lacks standing, as she may not raise claims based on injuries sustained to another person. *See Twp. of Lyndhurst, N.J. v. Priceline.com Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party." (citation and internal quotation marks omitted)). Further, to the extent Thompson is seeking to assert claims on behalf of her great-grandson, the court must dismiss them. While Thompson may pursue her own claims as a self-represented litigant, she may not represent her great-grandson in federal court because she is not an attorney. *See* 28 U.S.C. § 1654 (providing in pertinent part that, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself and himself pro se, a non-attorney may not represent other parties in federal court."); *see also Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991) (explaining that non-attorney parent could not represent interests of minor children in federal court).

As for the claims Thompson is attempting to assert on her own behalf, the complaint fails to comply with Rule 8 and state a claim. Unfortunately, the court cannot discern the factual or

legal bases for a claim against the School. It is also unclear how the facts alleged relate to any statutory, constitutional, or common law claim, even under a careful and liberal construction of the complaint. At bottom, the complaint is so ambiguous that it simply fails to provide fair notice of the grounds upon which any claim rests, as required by Rule 8. *See Garrett*, 938 F.3d at 93; *see also Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (per curiam) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on their merits).

### III. CONCLUSION

For the foregoing reasons, the court will grant Thompson leave to proceed *in forma pauperis*, and will dismiss her complaint without prejudice for the failure to state a claim and comply with the Federal Rules of Civil Procedure. The court will permit Thompson the opportunity to file an amended complaint to "flesh out [her] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [her] claim." *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.